[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Dr. Michael Pierce, moves to strike the third, fourth, ninth, and tenth counts of the plaintiffs' second revised complaint. The grounds for the motion to strike are that this defendant enjoys statutory immunity from liability and that the plaintiffs failed to attach a good faith certificate to their complaint. CT Page 5812
The second revised complaint contains the following allegations. Dr. Pierce was a psychiatrist employed by another defendant, Olympus Health Group, which operated a nursing home which cared for Herbert Muller, the elderly father of Chris Muller, who was the conservator of his father's person and estate. Dr. Pierce filed a complaint, which reached the Manchester Police Department, based on the negligent interpretation of arsenic levels in Herbert Muller's blood. A police investigation ensued which uncovered no evidence supporting the suspicion that Chris Muller was poisoning his father. Sometime after Dr. Pierce lodged his complaint, a toxicological test performed by John Dempsey Hospital revealed normal levels of arsenic in Herbert Muller's blood. Dr. Pierce never forwarded these findings to Chris Muller or the Probate Court supervising Herbert Muller's conservatorship. This failure delayed resolution of a conservatorship battle in Chris Muller's favor causing him to incur economic expenses and loss of reputation and causing his father's estate to suffer financially. Chris Muller and his father's estate sue Dr. Pierce for negligence and fraud by nondisclosure.
 I
The court first addresses the defendant's claim that a good faith certificate was required under General Statutes § 52-190a. Section52-190a prohibits civil actions to recover damages "resulting from personal injury or wrongful death" because of the negligence of a health care provider unless a putative plaintiff attaches to the complaint a good faith certificate attesting to the fact that a reasonable inquiry was made which gave rise to a good faith belief that legitimate grounds exist to proceed against the health care provider.
Because no count of the present complaint against Dr. Pierce claims damages for personal injury or wrongful death, § 52-190a is inapplicable. The absence of a good faith certificate is, therefore, immaterial.
 II
Turning to the issue regarding statutory immunity, Dr. Pierce contends that, because he was compelled by General Statutes § 17b-407 (a) to report to the authorities his reasonable belief that Herbert Muller was poisoned by virtue of his interpretation of the arsenic level in his blood, he is cloaked with the immunity conferred by § 17b-407 (e) upon mandated reporters. The court agrees.
Subsection 17b-407 (e) protects mandated reporters "from any civil or criminal liability on account of such report or complaint . . . unless such person acted in bad faith or with malicious purpose." The plaintiffs CT Page 5813 argue that this immunity does not cover a failure to correct a complaint once information is received casting doubt on its validity and that the allegations of the complaint establish bad faith. The court rejects these arguments.
If the legislature wished, it could have placed upon mandated reporters, under § 17b-407 (a), a continuing duty to investigate or modify complaints. No such legislative intent is manifest in § 17b-407. The plaintiffs' position that mandated reporters have such a continuing obligation to follow up a complaint would undermine the reporting requirement and eviscerate the immunity provision. Observers would be reluctant to come forward if lodging a complaint subjected them to liability if it later turned out that contrary evidence came to light. Such lingering scrutiny would deter reports and defeat the purpose of § 17b-407 (a).
Dr. Pierce did not act gratuitously but under penalty of law had he failed to report his suspicion. The agency to whom one complains conducts the investigation rather than the complainant. That is the point of mandating reports, so that such investigation will be initiated to determine if, in fact, such abuse occurred.
The immunity provision would serve little purpose if it applied only to complaints which prove true after investigation. Complainants would need no immunity in that case. The statute affords immunity whether or not the report proves accurate. The only exception is if the complaint was made in bad faith or for malicious purpose.
The averments against Dr. Pierce fail to state facts supporting bad faith in making the report. There is no allegation that Dr. Pierce deliberately lied or acted without regard for the truth of his complaint. "Bad faith" means more than mere negligence, Gupta v. NewBritain General Hospital, 239 Conn. 574, 598 (1996). It involves a dishonest purpose, Id.
The plaintiffs' allegations are that after the report Dr. Pierce failed to correct or retract his complaint. Subsection 17b-407 contains no "relation back" provision prescribing such later revisions. Consequently, Dr. Pierce is immune from liability for the aftermath of his complaint mandated by § 17b-407 (a).
The motion to strike is granted as to all counts pertaining to Dr. Pierce.
Sferrazza, J. CT Page 5814